Filed 7/11/16  P. v. Buchanan-Martin CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Amador)

----

| | |
|---|---|
| THE PEOPLE, | C080809 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 15CR23306, 15CR23668) |
| v. | |
| TAYLOR WAYNE BUCHANAN-MARTIN, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  In accordance with *People v. Kelly* (2006) 40 Cal.4th 106, 110, we provide a summary of defendant's offenses and the proceedings in the trial court.

On September 3, 2015, in case No. 15CR23306,[1] a consolidated complaint (hereafter complaint) was filed in Amador County Superior Court, charging defendant Taylor Wayne Buchanan-Martin with the following felonies:  inflicting corporal injury

---

[1] Case No. 15CR23306 was the lead case after consolidation with two prior cases, No. 15CR23164 and No. 15CR23171.

1

on a cohabitant (Pen. Code, § 273.5, subd. (a)—count I);[2] assault with a deadly weapon (§ 245, subd. (a)(1)—count II); making criminal threats (§ 422, subd. (a)—count III); assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)—count IV); false imprisonment by violence (§ 236—count V); and dissuading a witness from prosecuting a crime (§ 136.1, subd. (b)(2)—count VI). The complaint also charged the following misdemeanors: disobeying a court order (§ 166, subd. (a)(4)—counts VII-XLV); inflicting corporal injury on a cohabitant (§ 273.5, subd. (a)—counts XLVI & XLIX); interference with a cell phone (§ 591.5—count XLVII); dissuading a witness (§ 136.1, subd. (b)(1)—count XLVIII); violating a criminal protective order (§ 166, subd. (c)(1)—counts L & LI); and disobeying a domestic relations court order (§ 273.6, subd. (a)—count LII). As to counts I, III, and V, the complaint alleged that defendant personally used a deadly and dangerous weapon, a knife. (§ 12022, subd. (b)(1).)

On September 11, 2015, defendant pleaded guilty to counts II and VI pursuant to *People v. West* (1970) 3 Cal.3d 595, and no contest to counts VIII and XLVI, in return for a stipulated sentence of four years in case No. 15CR23306. Defendant also entered a guilty plea under *West* in another matter, case No. 15CR23668, to two felony counts of resisting an executive officer. (§ 69.)

As to the lead case, No. 15CR23306, the parties stipulated that the factual basis for the plea came from the preliminary hearing testimony. The victim testified that defendant, with whom she had been living for a month and a half, grabbed her by the arm, put his hands around her neck and choked her while pinning her against a wall, held a knife to her throat, and threatened to kill her. Afterward, knowing that there was an emergency protective order on the victim's behalf against him, defendant called the victim from jail to try to dissuade her from pressing charges.

---

[2] Undesignated statutory references are to the Penal Code.

2

As to case No. 15CR23668, the prosecutor stated without dispute that on two separate occasions, defendant physically resisted correctional officers in jail.

On November 13, 2015, the trial court sentenced defendant in cases No. 15CR23306 and No. 15CR23668 to an aggregate state prison term of five years four months, consisting of two years (the low term) on count II in case No. 15CR23306, two years (the midterm) consecutive on count VI in that case, and two consecutive eight-month terms (one-third the midterm) on the two counts of resisting an executive officer in case No. 15CR23668, with the two misdemeanors in case No. 15CR23306 to run concurrent. The court granted 312 days of presentence custody credit (240 actual days and 72 conduct days). Subsequent to sentencing, the court corrected the custody credit order to 344 days, including 104 days of conduct credit, and ordered the abstract of judgment corrected nunc pro tunc to reflect the new order.

The trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 suspended parole revocation restitution fine (§ 1202.45), a $240 court operations assessment (§ 1465.8), and a $180 criminal conviction assessment (Gov. Code, § 70373).

Defendant appealed. We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                                    BUTZ                    , Acting P. J.



We concur:



        MURRAY          , J.



        DUARTE          , J.

4